ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **MWPR, LLC**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br><br>v.<br><br><br>**GLORIA ESTHER LEBRÓN SANTIAGO Y OTROS**<br>DEMANDADA(S)-PETICIONARIA(S) | **TA2026CE00096** | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN**<br><br>Caso Núm.<br>**BY2023CV02765** (201 B)<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 15 de mayo de 2026.

Comparece ante este Tribunal de Apelaciones, la señora **GLORIA ESTHER LEBRÓN SANTIAGO Y OTROS** (señora **LEBRÓN SANTIAGO Y OTROS**) mediante *Apelación* instada el 10 de octubre de 2025. En su recurso, nos solicita que revisemos la *Orden* decretada el 29 de agosto de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Toa Alta en Bayamón.[1] Mediante la referida decisión, el foro recurrido declaró no ha lugar la *Urgente Solicitud para que se Deje Sin Efecto Subasta Número 40* presentada el 13 de agosto de 2025 por la señora **LEBRÓN SANTIAGO Y OTROS**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 29 de agosto de 2025. Apéndice de la *Apelación,* entrada núm. 56 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

- I -

El 18 de mayo de 2023, **MMG I PR, LLC** incoó *Demanda* sobre cobro de dinero y ejecución de hipoteca.[2] Planteó que el 25 de junio de 2004, se suscribió un pagaré hipotecario por la suma principal de $30,000.00, más intereses, garantizado con hipoteca sobre una propiedad localizada en Toa Baja, Puerto Rico, ante el Notario Roberto A. Combas Martínez.

Poco después, el 12 de julio de 2023, se presentó *Moción para Sustituir Parte Demandante* informando que **MWPR, LLC** (**MWPR**) había adquirido el pagaré siendo el tenedor por endoso y solicitó la sustitución de parte.[3] El 12 de julio de 2023, se emitió *Orden* declarando con lugar la sustitución de la parte demandante.[4]

Al tiempo, el 11 de marzo de 2024, **MWPR** presentó *una Moción Informando Radicación de Demanda Enmendada* en la cual se dilucidó que el señor Wilfredo Pérez Hernández, parte codemandada, había fallecido y era imperativa enmendar las alegaciones para incluir los miembros de la sucesión.[5] Así, en la misma fecha, presentó su *Demanda Enmendada* y una *Estipulación y Solicitud para que se Dicte Sentencia* (*Estipulación*).[6] En esta *Estipulación,* la señora LEBRÓN SANTIAGO Y OTROS exteriorizaron y representaron ser los únicos y universales herederos del finado Wilfredo Pérez Hernández; haber aceptado la herencia, por lo que, renunciaron a la interpelación judicial por no ser necesaria; someterse libre y voluntariamente a la jurisdicción del tribunal, consintiendo expresamente a que se decidiera sentencia conforme a los acuerdos allí contenidos. Además, reconocieron la deuda hipotecaria y a los efectos de satisfacer dicho pasivo pactaron que se efectuarían los siguientes pagos: (i) el día de la firma - $600.00; (ii) en o antes de 15 de agosto de 2023 - $400.00; y (iii) comenzando el 1 de agosto de 2023 - $300.00 mensuales hasta el 1 de junio de 2025; y (iv) en o antes de 28 de junio de 2025, el

---

[2] Apéndice de la *Apelación,* entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[3] Apéndice de la *Apelación,* entrada núm. 13 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[4] Apéndice de la *Apelación,* entrada núm. 14 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[5] Apéndice de la *Apelación,* entrada núm. 16 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[6] Apéndice de la *Apelación,* entradas núm. 17 y 18 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

remanente del pago final (*ballon payment*). Así las cosas, ese día, se pronunció la *Sentencia* impartiendo su aprobación a la transacción y sujetando a todas las partes al fiel y estricto cumplimiento de todos los compromisos, obligaciones y estipulaciones que entre sí y ante el Tribunal asumieron.[7]

El 13 de marzo de 2024, **MWPR** presentó *Moción Solicitando Notificación de Sentencia Enmendada* en la cual precisó, en lo pertinente, "procede se le notifique la sentencia emitida a la dirección postal provista por éstos, la cual incluimos a continuación: Calle Santa Barbara, B-23, Urb. Santa María, Toa Baja, PR 00949".[8] El 14 de marzo de 2024, se declaró con lugar dicha petitoria y se ordenó notificar la sentencia a las direcciones indicadas.[9]

Luego de varios trámites procesales, el 30 de abril de 2025, **MWPR** presentó *Moción Solicitando Ejecución de Sentencia* ante el incumplimiento de los términos y condiciones de la *Sentencia*.[10] Ese mismo día, el foro apelado expidió *Orden* dirigido al secretario del Tribunal para remitir *Mandamiento* al Alguacil para que ejecutara la *Sentencia* vendiendo en pública subasta la propiedad.[11]

Seguidamente, el 28 de julio de 2025, **MWPR** presentó *Moción Informativa* en la cual manifestó haber intentado, en múltiples ocasiones, comunicarse con la señora **LEBRÓN SANTIAGO Y Otros** para discutir alternativas de repago y/o mitigación de perdida, en etapa post sentencia, ello ha sido infructuoso y no ha recibido oferta de repago alguno.[12] El 11 de agosto de 2025, **MWPR** presentó *Moción Acompañando Documento Bajo Regla 51.7 de Procedimiento Civil* en la cual comunicó la fecha de la subasta y anejó los documentos acreditando la notificación de subasta.[13] También, presentó *Moción para Sustituir Parte Demandante*

---

[7] Apéndice de la *Apelación,* entrada núm. 24 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] Apéndice de la *Apelación,* entrada núm. 25 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[9] Apéndice de la *Apelación,* entrada núm. 26 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[10] Apéndice de la *Apelación,* entrada núm. 33 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[11] Apéndice de la *Apelación,* entradas núm. 34 y 35 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[12] Apéndice de la *Apelación,* entrada núm. 40 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[13] Apéndice de la *Apelación,* entrada núm. 42 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

reseñando que el nuevo acreedor hipotecario es **MWPR CR, LLC** (**MWPR**) y pidió la sustitución de parte.[14]

A los pocos días, el 13 de agosto de 2025, la señora **LEBRÓN SANTIAGO Y OTROS** presentó *Urgente Solicitud para que se Deje Sin Efecto Subasta [(]Entrada Número 40)* exteriorizando: "anule de inmediato la subasta pautada para el 13 de agosto de 2025, en este caso, porque la parte demandada todavía no ha fijado su posición en cuanto a la *Moción Informativa* de la parte demandante del 28 de julio de 2025".[15]

El 13 de agosto de 2025, se levantó el *Acta de Subasta* disponiendo: "le adjudique la buena pro, a Ly Marie Santos Martínez, en su carácter personal por la suma de $100,100.00 suma de dinero que me fue pagada en el acto".[16] El 28 de agosto de 2025, **MWPR** presentó su *Oposición a Urgente Solicitud para que se Deje Sin Efecto Subasta*.[17] Apuntaló que la señora **LEBRÓN SANTIAGO Y OTROS** elucida la existencia de un heredero forzoso adicional que no fue incluido en el pleito.

El 2 de septiembre de 2025, se dictó la *Orden Confirmación de Adjudicación o Venta Judicial Finca 223*.[18] En esta *Orden,* se confirmó el procedimiento de ejecución de hipoteca, el remate, venta y por consiguiente, la adjudicación del bien hipotecado en la subasta celebrada el 13 de agosto de 2025 por haberse cumplido con todas las formalidades requeridas en el trámite judicial y ordenando al(a la) Alguacil proceder con el otorgamiento de la Escritura de Venta Pública sobre traspaso de la propiedad. El 4 de septiembre de 2025, la señora **LY M. SANTOS MARTÍNEZ,** sin someterse a la jurisdicción, presentó *Moción* requiriendo una orden de mandamiento y lanzamiento de la propiedad.[19]

Inconformes, el 7 de septiembre de 2025, la señora **LEBRÓN SANTIAGO Y OTROS** presentaron *Reconsideración de las Órdenes 56, 58 y 62 se Traiga al Pleito a*

---

[14] Apéndice de la *Apelación,* entrada núm. 43 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[15] Apéndice de la *Apelación,* entrada núm. 49 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[16] Apéndice de la *Apelación,* entrada núm. 52 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[17] Apéndice de la *Apelación,* entrada núm. 55 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[18] Apéndice de la *Apelación,* entrada núm. 58 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[19] Apéndice de la *Apelación,* entrada núm. 60 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

*Tercero, Nulidad de Sentencia, Nulidad de Subasta, Preterición de Heredero Forzoso y Otros Extremos.*[20] En su escrito, reiteraron la nulidad de la *Sentencia* y demás procedimientos alegando, entre otros, haber omitido al heredero forzoso Wilfredo Pérez Andino, quien es parte indispensable. El 29 de septiembre de 2025, **MWPR** presentó *Moción en Cumplimiento de Orden.*[21] Expuso que la *Sentencia* había advenido final y firme. Así, el 30 de septiembre de 2025, se declaró no ha lugar el petitorio de reconsideración.[22]

Insatisfechos, el 10 de octubre de 2025, la señora **LEBRÓN SANTIAGO Y OTROS** acudieron ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró y abusó de su discreción el foro de instancia al dictar sentencia en este caso, pese a que se omitió a una parte indispensable del mismo, se incumplió con las disposiciones del ordenamiento jurídico en cuanto al aviso oportuno al deudor cuando comienza a estar en mora; se incurrió en un préstamo predatorio y la parte apelada tampoco ha demostrado fehacientemente su tenencia con buena fe del crédito objeto de este caso.
>
> Erró y abusó de su discreción el foro de instancia al avalar la ejecución de la sentencia antedicha y avalar la venta en pública subasta de la propiedad de este caso, pese a que no se incluyó en dicho caso a una parte indispensable, no se notificó oportunamente de la deuda a la parte apelante, la parte apelada otorgó a la parte apelante un préstamo predatorio, no le ofreció todas las alternativas de mitigación de pérdidas ni tampoco ha demostrado palmariamente su tenencia con buena fe del crédito objeto de este caso.

El 16 de octubre de 2025, pronunciamos *Resolución* en la cual concedimos un término perentorio de treinta (30) días para presentar su alegato a **NWPR**. El 10 de noviembre de 2025, **NWPR** presentó su *Oposición a Petición de Certiorari*. Más tarde, el 21 de enero de 2026, se dictaminó *Resolución* acogiendo el recurso como un *certiorari* por acudir de una Orden pronunciada el 29 de agosto de 2025.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

---

[20] Apéndice de la *Apelación,* entrada núm. 63 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[21] Apéndice de la *Apelación,* entrada núm. 65 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[22] Apéndice de la *Apelación,* entrada núm. 66 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

- II -

- A - *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[23] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[24]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[25] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[26]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[27] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[28] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[29] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[30]

---

[23] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[24] *Íd.*
[25] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[26] *Íd.*
[27] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[28] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[29] 32 LPRA Ap. V., R. 52.1.
[30] *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[31]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[32] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[33]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[34] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[35] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[36] La delimitación que imponen estas disposiciones reglamentarias

---

[31] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[32] *Íd.*
[33] Véase la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR ____ (2025); *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[34] *García v. Padró*, 165 DPR 324, 335 (2005), n. 15.
[35] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[36] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[37]

Por otra parte, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción.[38] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[39]

En el ámbito judicial, el abuso de discreción puede manifestarse de diversas maneras, entre ellas: "cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos".[40]

Finalmente, las decisiones tomadas tras decidirse una sentencia solo son revisables mediante el recurso discrecional de *certiorari.*[41] Toda vez que la Regla 52.1 de las de Procedimiento Civil de 2009 no abarca tales instancias, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una determinación *post sentencia* debemos enfocar nuestro análisis en los criterios que provee la Regla 40 de nuestro Reglamento.[42]

### - B - REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL DE 2009

La Regla 49.2 de las de Procedimiento Civil de 2009 permite que una parte solicite al foro de primera instancia el relevo de los efectos de una sentencia, siempre que se cumpla con una de las causales allí enumeradas y la solicitud se

---

[37] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc.*, *supra.*

[38] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).

[39] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[40] *Pueblo v. Ortega Santiago*, 125 DPR 203, 211-212 (1990).

[41] *IG Builders v. BBVAPR,* 185 DPR 307, 339 (2012).

[42] *Id.*

presente dentro de un término de **seis (6) meses** de haberse registrado la sentencia.[43] Con las excepciones que abajo se mencionan, el dejar sin efecto una sentencia es una facultad discrecional de los tribunales de primera instancia.[44] Esta Regla debe interpretarse liberalmente, y cualquier duda debe ser resuelta a favor de la parte que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, de manera que el proceso continúe y el caso pueda resolverse en sus méritos.[45] En lo aquí pertinente, la Regla 49.2 de las de Procedimiento Civil de 2009 lee:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
> (c) fraude (incluso el que hasta ahora se ha denominado 'intrínseco' y el también llamado 'extrínseco'), falsa representación u otra conducta impropia de una parte adversa;
> **(d) nulidad de la sentencia;**
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
> (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
> (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.
> Mientras esté pendiente una apelación o un recurso de certiorari de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado y, si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso.

---

[43] 32 LPRA Ap. V. *Bco. Santander PR v. Fajardo Farms Corp.,* 141 DPR 237, 243 (1996).
[44] *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905 (1963).
[45] *Náter v. Ramos,* 162 DPR 616, 624-625 (2004); *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 480 (2003).

Ahora bien, independientemente de la existencia de alguno de los fundamentos enumerados en la precitada Regla 49.2, el relevar a una parte de una sentencia es una decisión discrecional del tribunal salvo en los casos de nulidad, o cuando la sentencia ha sido satisfecha.[46] Una sentencia es nula, entre otras ocasiones, cuando la sentencia se ha dictado sin jurisdicción, ya sea sobre la materia o las partes en un pleito, o cuando al dictarla se ha quebrantado el debido proceso de ley.[47]

La nulidad de una sentencia por una violación al *debido proceso de ley* puede materializarse de distintas maneras.[48] Nuestro más alto foro ha resaltado que: "el quebrantamiento del debido proceso de ley es un concepto mucho más amplio y puede haber tantas manifestaciones del mismo como principios del debido proceso de ley existen y que se hayan quebrantado en un caso especial".[49]

Bajo estos supuestos de nulidad no hay margen de discreción como con los otros fundamentos de la Regla 49.2.[50] "[S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado".[51] Lo predicho se debe a que: "cuando una sentencia es nula, se tiene por inexistente, por lo que no surte efecto alguno".[52]

De otra parte, el término máximo de **seis (6) meses** que contempla la Regla para la presentación de la moción de relevo de sentencia es fatal en su acción extintiva del derecho.[53] "Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo".[54] A pesar de ello, dicha Regla permite entablar una acción independiente en los casos de nulidad de la sentencia, como ocurre cuando esta se ha intimado sin jurisdicción sobre la persona de la parte demandada.[55] De manera que, la Regla 49.2 de las de Procedimiento Civil de 2009 provee dos (2) mecanismos mediante los cuales una parte puede lograr ser relevada de los efectos de una

---

[46] *Rivera v. Algarín,* 159 DPR 482, 490 (2003).

[47] *Íd.; Bco. Santander PR v. Fajardo Farms Corp., supra,* pág. 244.

[48] *HRS Erase. v. CMT,* 205 DPR 689, 699 (2020).

[49] *Íd.*

[50] *García Colón et al. v. Sucn. González,* 178 DPR 527, 543 (2010).

[51] *Íd.,* págs. 543-544.

[52] *López García v. López García,* 200 DPR 50, 62 (2018).

[53] *Bco. Santander PR v. Fajardo Farms Corp., supra,* pág. 243.

[54] *Id.*

[55] *Id.,* pág. 244.

sentencia dictada sin jurisdicción sobre su persona:

> El primero es una solicitud bajo la Regla [49.2(d)], *supra,* la cual, por disposición de la propia regla, debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. **Transcurrido el término de seis (6) meses dispuesto en la Regla 49.2,** *supra,* **la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad de sentencia.** (énfasis suplido).[56]

- III -

La señora **LEBRÓN SANTIAGO Y OTROS** sostienen que el foro impugnado erró y abusó de su discreción: (i) al no incluir al señor Wilfredo Pérez Andino, hijo y heredero del causante Wilfredo Pérez Hernández como parte indispensable; incumplir con las disposiciones del ordenamiento jurídico en cuanto al aviso oportuno al deudor cuando comienza a estar en mora; se incurrió en un préstamo predatorio; y **NWPR** no ha demostrado fehacientemente su tenencia con buena de buena del crédito; y (ii) al avalar la ejecución de la sentencia antedicha y avalar la venta en pública subasta de la propiedad de este caso, pese a que no se incluyó en dicho caso a una parte indispensable, no se notificó oportunamente de la deuda a la señora **LEBRÓN SANTIAGO Y OTROS**, **NWPR** otorgó un préstamo predatorio, además, no le ofreció todas las alternativas de mitigación de pérdidas ni tampoco ha demostrado palmariamente su tenencia con buena fe del crédito objeto de este caso.

En otro orden de cosas, **NWPR** afianza que, en julio de 2023, las partes suscribieron una *Estipulación y Solicitud para que se Dicte Sentencia* que fuese presentada ante la consideración del tribunal el 11 de marzo de 2024. En este convenio, entre otros, manifestaron: **NWPR** es tenedora legítima del pagaré hipotecario y con derecho a exigir el cumplimiento; ser los únicos y universales herederos del finado Wilfredo Pérez Hernández; y someterse libre y voluntariamente a la jurisdicción del tribunal consintiendo expresamente a que se dicte sentencia conforme lo acordado.

Toda vez que se recurre de un remedio *post sentencia* procede que fundamentemos nuestro ejercicio discrecional exclusivamente en los criterios que provee la Regla 40 de nuestro Reglamento. Un tribunal intermedio revisor no

---

[56] *Bco. Santander PR v. Fajardo Farms Corp., supra,* págs. 246-247.

intervendrá con el ejercicio de discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, se actuó con prejuicio o parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo; y, nuestra intervención en esa etapa evitará un perjuicio sustancial.

Tras justipreciar detenidamente las posturas de las partes, discernimos que no encontramos presente alguno de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones ni la señora LEBRÓN SANTIAGO Y OTROS ha demostrado que el foro recurrido actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. Nada en su recurso nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos persuaden para inmiscuirnos en el manejo del caso o en la discreción del(de la) juez quien presidió la sala en la cual se adjudicó declarar no ha lugar la *Urgente Solicitud para que se Deje Sin Efecto Subasta Número 40*.

### - IV -

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* interpuesto el 10 de octubre de 2025 por la señora LEBRÓN SANTIAGO Y OTROS.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones